UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KILEY CLINTON, | ) |
| Petitioner, | ) |
| v. | ) No. 1:17-cv-00544-JMS-TAB |
| KEITH BUTTS Superintendent, | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

Kiley Clinton's petition for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. NCF 16-11-0177. The respondent has filed a return to the Order to show cause. No reply was submitted. For the reasons explained in this Entry, Clinton's habeas petition must be **denied**.

### A. Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v.*

*McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

## B. The Disciplinary Proceeding

On November 21, 2016, Internal Affairs Officer Williams issued a Report of Conduct charging Clinton with a violation of Code B-247. The Report of Conduct states:

> On the above date and approximate time, Internal Affairs was reviewing telephone calls placed to 765-325-5194. The telephone number is on Clinton's telephone list as Felicia Jones. In an interview with former Correctional Officer, Sara Wright, Wright admitted the phone number belonged to her. She stated on several occasions Clinton called her, while she was employed at NCCF. Offender was advised of conduct.

Dkt 10-1.

Clinton was notified of the charge on November 22, 2016, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing. The Screening Officer noted that Clinton did not request any witnesses or evidence.

The Hearing Officer conducted a disciplinary hearing on November 28, 2016. The Hearing Officer noted that Clinton had nothing to say. The Hearing Officer then determined that Clinton had violated Code B-247. The sanctions imposed included commissary and phone restrictions, the deprivation of 90 days of earned credit time, and the demotion from credit class II to III.

Clinton filed an appeal to the Facility Head on December 1, 2016. *See* dkt 10-5. He argues that his due process rights were violated because he was confined in segregation, he was denied the right to speak on his own behalf, and the decision maker was not impartial. *Id.* The appeal was denied on December 7, 2016. *See* dkt 10-6. Clinton then appealed to the Final Review Authority, who denied the appeal on December 19, 2016.

**C.     Analysis**

Clinton argues that he is entitled to relief for two reasons. First, because he was denied an opportunity to review and/or keep a copy of the exculpatory evidence he requested, specifically the investigative report, copy of phone list, and statement by staff relied upon by the hearing officer. Second, the hearing officer ordered Clinton to "shut up during his presentation of evidence." Dkt. 1 at 2.

*1. Exhaustion*

The respondent argues that the only ground for relief based on the denial of due process that was properly preserved during Clinton's administrative appeals was whether Clinton was prevented from presenting a defense.[1] The respondent contends that Clinton did not raise his other arguments in his administrative appeals those grounds for relief must be dismissed.

The respondent's position is correct. In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the Indiana Department of Correction Appeals Review Officer or Final Reviewing Authority may be raised in a subsequent Petition for Writ of Habeas Corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002). Because Clinton failed to exhaust the administrative appeals process, the unexhausted grounds for relief are dismissed.

---

[1] In addition, Clinton complains that he was placed in segregation and required to participate in a therapy program. It appears from the record that Clinton also exhausted this claim. However, this placement does not violate Clinton's due process rights as set forth in *Wolfe*. No relief is warranted on this basis.

*2. Opportunity to Present Defense*

Clinton contends he was prevented from presenting a defense by the hearing officer. An inmate "facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff*, 418 U.S. at 566. The rule established in *Brady v. Maryland*, 373 U.S. 83 (1963), which requires "the disclosure of material exculpatory evidence, applies to prison disciplinary proceedings." *Piggie*, 344 F.3d at 678. The application of the *Brady* rule to prison disciplinary cases is to ensure that the disciplinary board considers all relevant evidence and to allow the prisoner to present his best defense. *Chavis v. Rowe*, 643 F.2d 1281, 1286 (7th Cir. 1981).

Clinton claims that the hearing officer told him to "shut up during his presentation of evidence, his summary of events" Dkt. 1 at 2. However, Clinton does not specify what he was prevented from saying or what evidence he was prevented from presenting. Indeed, he provides no explanation whatsoever as to how his defense was impaired even if the Hearing Officer did interrupt him as he claims. Because the Screening Report indicates that he did not request any witnesses or evidence, it appears from the record that he did not plan to present any documentary evidence in his defense. Under these circumstances there is no basis to conclude that Clinton was denied the opportunity to present exculpatory evidence. Accordingly, no relief is warranted on this basis.

**D.     Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the

charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Clinton to the relief he seeks. Accordingly, Clinton's petition for a writ of habeas corpus must be **denied** and the action dismissed. The petitioner's motion for judgment on the pleadings, dkt [14], is **denied as moot.**

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/27/2017

*Jane Magnus-Stinson* (signature)

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

KILEY CLINTON
#116975
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov